UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID R. GELINAS, et al.,

               Plaintiffs,

    v.

U.S. BANK, NA, et al.,

               Defendants.

CASE NO. C16-1468JLR

ORDER OF DISMISSAL

## I.   INTRODUCTION

Before the court is Plaintiffs David R. Gelinas and Karen M. Gelinas's (collectively, "the Gelinases") response to the court's order to show cause for failure to serve certain defendants pursuant to Federal Rule of Civil Procedure 4(m).  (Resp. (Dkt. # 16).)  For the reasons set forth below, the court denies the Gelinases' motion for reconsideration, dismisses the Gelinases' claims against Defendants U.S. Bank Trust, NA ("U.S. Bank"), Caliber Home Loans, Inc. ("Caliber Home"), and Quality Loan Service Corporation of Washington ("Quality Loan") (collectively, "Moving Defendants") with

1  prejudice, and dismisses the Gelinases' claims against Defendants Deutsche Bank

2  National Trust Company ("Deutsche Bank"), Long Beach Mortgage Loan Trust 2006-10,

3  JPMorgan Chase Bank ("JPMorgan"), and Does 1-10 (collectively, "Remaining

4  Defendants") without prejudice.

5  ## II.   BACKGROUND

6  On September 16, 2016, the Gelinases filed their *pro se* lawsuit against U.S. Bank,

7  Quality Loan, JPMorgan, Long Beach Mortgage Loan Trust 2006-10, Deutsche Bank,

8  Caliber Home, and Does 1-10. (*See* Compl. (Dkt. # 1).) The Gelinases alleged a claim to

9  quiet title, a slander of title claim, and violations of the Fair Debt Collection Practices Act

10 ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (*Id.* ¶¶ 19-41.) The Gelinases sought declaratory

11 relief and "compensatory, special, general[,] and punitive damages." (*Id.* ¶ 14.)

12 On October 17, 2016, Moving Defendants moved for dismissal under Federal Rule

13 of Civil Procedure 12(b)(6). (1st Mot. (Dkt. # 8); 2d Mot. (Dkt. # 10).) On February 10,

14 2017, the court granted those motions. (2/10/17 Order (Dkt. # 15).) The court concluded

15 that the Gelinases had failed to state a claim against U.S. Bank, Caliber Home, and

16 Quality Loan for quiet title, slander of title, and violations of the FDCPA. (*Id.* at 19,

17 21-22.) However, the court granted the Gelinases leave to amend their claims against

18 Moving Defendants because the court determined that it was possible the Gelinases could

19 remedy the pleading deficiencies in their complaint. (*Id.* at 20.) The court gave the

20 Gelinases until March 2, 2017, to amend their complaint and cautioned the Gelinases that

21 failure to timely amend could result in the court dismissing their claims against Moving

22 Defendants with prejudice. (*Id.*)

1   The court further stated that although the parties had not raised the issue, it

2   appeared as though Remaining Defendants had not been served. (*Id.* at 21.)

3   Accordingly, the court ordered the Gelinases to show cause in a separate filing no later

4   than March 2, 2017, why their claims against Remaining Defendants should not be

5   dismissed without prejudice for failure to comply with Federal Rule of Civil Procedure

6   4(m). (*Id.*)

7   The Gelinases' deadline to file an amended complaint and a response to the

8   court's order to show cause was March 2, 2017. (*See id.*)  On February 27, 2017, the

9   Gelinases filed their response to the court's order. (*See* Resp.)  The Gelinases have not,

10   however, filed an amended complaint. (*See generally* Dkt.)

### III.   ANALYSIS

**A.   Motion to Reconsider**

13   In their response, the Gelinases reassert that "their claims against Defendants U.S.

14   Bank, Caliber Home, and Quality Loan should not be dismissed" (Resp. at 1) and request

15   that the court deny Moving Defendants' motions to dismiss (*id.* at 2, 8).  Notably, the

16   Gelinases' filing does not address service upon Remaining Defendants and does not

17   purport to be an amended complaint, although the Gelinases state that they plan to file an

18   amended complaint by the court's March 2, 2017, deadline. (*See generally id.*; *see also*

19   *id.* at 8 ("Plaintiffs will file their Amended Complaint within the time specified by the

20   [c]ourt in its [o]rder, dated February 10, 2017.").)  Because the court must construe *pro*

21   *se* filings liberally, *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990),

22   //

ORDER - 3

1    the court construes the Gelinases' filing as a motion for reconsideration of the court's

2    February 10, 2017, order of dismissal.

3          "Motions for reconsideration are disfavored." Local Rules W.D. Wash. LCR

4    7(h)(1). The court will ordinarily deny such motions unless the moving party

5    demonstrates (1) "a showing of manifest error in the prior ruling," or (2) "a showing of

6    new facts or legal authority which could not have been brought to the [court's] attention

7    earlier with reasonable diligence." *Id.*

8          The Gelinases have not made the required showing. The Gelinases do not argue

9    manifest error in the court's prior ruling. (*See generally* Resp.); Local Rules W.D. Wash.

10   LCR 7(h)(1). In addition, the Gelinases do not present "new facts or legal authority

11   which could have been brought to the [court's] attention earlier with reasonable

12   diligence." Local Rules W.D. Wash. LCR 7(h)(1). Indeed, the Gelinases reassert facts

13   regarding transfer of deeds of trust and assignment that they raised in their complaint and

14   in their opposition to the motions to dismiss. (*Compare* Resp. at 2-3, *with* Compl. ¶¶ 13,

15   15, 18, 28-29, 31-34, *and* 2/10/17 Order at 2-4.) In addition, the Gelinases cite numerous

16   provisions of 12 U.S.C. § 2605 regarding servicing of mortgage loans and Section 404 of

17   the Truth in Lending Act (*see* Resp. at 3-7), but they fail to state why they could not have

18   brought this legal authority to the court's attention earlier or how this authority

19   demonstrates that the Gelinases met their pleading burden in their initial complaint (*see*

20   *generally id.*). For these reasons, the court denies the Gelinases' motion for

21   reconsideration.

22   //

1 | **B.    Dismissal**

2     Because the Gelinases' deadline to file an amended complaint passed on March 2,

3 | 2017 (2/10/17 Order at 21), and the Gelinases did not file an amended complaint (*see*

4 | Dkt.), the court dismisses their case against Moving Defendants with prejudice.[1]

5     In addition, the Gelinases have not shown good cause for their failure to serve

6 | Remaining Defendants within the timeline provided by Federal Rule of Civil Procedure

7 | 4(m).  (*See generally* Resp.); Fed. R. Civ. P. 4(m).  For this reason, the court dismisses

8 | the Gelinases' case against Remaining Defendants without prejudice for failure to serve.[2]

9 | ## IV.    CONCLUSION

10     For the reasons set forth above, the court DENIES the Gelinases' motion for

11 | reconsideration of the court's February 10, 2017, order (Dkt. # 16), DISMISSES the

12 | Gelinases' claims against U.S. Bank, Caliber Home, and Quality Loan WITH

13 | PREJUDICE, and DISMISSES the Gelinases' claims against JPMorgan, Long Beach

14 | Mortgage Loan Trust 2006-10, Deutsche Bank, and Does 1-10 WITHOUT PREJUDICE.

15     Dated this 7th day of March, 2017.

16

17 | JAMES L. ROBART
United States District Judge

18

---

19     [1] Although the Gelinases state in their response that they plan to file an amended complaint (*see* Resp. at 8), the Gelinases were required to file any amended complaint by the deadline in the court's order, *see, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se

20 | litigants must follow the same rules of procedure that govern other litigants."), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012).  They have failed

21 | to do so.

22     [2] The Gelinases have not identified Does 1-10 and none of those defendants appear to have been served within the time for service of process required by Rule 4(m).  (*See* Dkt.)